WOODING *et al.*, *vs.* MALONE *et al.*

1. The discretion which the Chancellor has in retaining injunctions after the equity of the bill is sworn off by the answer, will be controlled in a case where the retention of the injunction operates injuriously upon the defendant's business, and is not necessary to the protection of the rights of the complainant, admitting his rights to be what the bill asserts, and the answer denies.

In Equity, from Sumter Superior Court. Decision by Judge ALLEN, on 19th April, 1860.

Charles J. Malone and Joseph W. Rowland, filed a bill in equity, against John W. Wooding, in which it is alleged: That pursuant to a contract between Malone and one Richard Brinn of the one part, and William M. Meadows, Moses B. Meadows, and M. L. Gardner of the other part, Malone and Brinn constructed and finished a certain building in the city of Americus on Lamar street, furnishing the materials therefor, in consideration of which Gardner and the Meadowses were to, and did execute to Malone and Brinn titles to the upper story of the building, and also to one half of the building lying nearest the public square of said city; that Malone and Brinn entered into the possession and enjoyment of the building according to the agreement, and so remained until interrupted by the defendant Wooding.

The bill also alleges, that Wooding obtained Malone's permission to put some carriages and buggies in the buildings pending a negotiation between them for a sale to Wooding of the interest of Malone and Brinn in the buildings, and that since that time he has kept possession of the premises, and has changed the structure of the house, and pretends that he has purchased the same from Malone, which is untrue.

The bill also alleges, that there is a mistake in one of the deeds made to Malone and Brinn, and that they have commenced an action of ejectment against Wooding for the premises, and for mesne profits.

The bill prays a reformation of the deed, and that Wooding may be enjoined from using or changing the buildings.

Wooding filed his answer, setting up an absolute sale of the building by Malone to him, with Brinn's consent; and that Rowland bought Brinn's interest with a full knowledge of all the facts and of Wooding's purchase. The answer denies every fact and circumstance on which the equity of

the bill is based, and shows that the business of Wooding would greatly suffer by the continuance of the injunction.

Upon the coming in of the answer, a motion was made to dissolve the injunction because the answer abnegated the equity of the bill.

Upon the hearing, the presiding Judge not only refused the motion to dissolve the injunction, but also appointed a receiver to take possession of the buildings and rent them out pending the litigation.

This decision is complained of as error.

WORRILL and HAWKINS, SULLIVAN and BROWN, for the plaintiff in error.

W. A. HAWKINS and S. C. ELAM, *contra.*

*By the Court*—STEPHENS, J., delivering the opinion.

This answer swears off the equity of the bill, and a continuation of the injunction would operate injuriously to the defendant's business, and would do the complainant no good. There was no reason for an injunction from the beginning, nor for the appointment of a receiver. The case is simply a contest between the complainants and the defendant, Wooding, as to which is entitled to a certain building, and the complainants would have no ground to go into a Court of Equity at all, but would be left to their remedy at common law, were it not for the alleged mistake in their deed which they seek to have corrected. If they succeed in that, and in their claim to the house, they will also get compensation for the use and ocupation, and damages for any injury Wooding may have done to the house by changing the structure of it. There is no pretence that he is not able to respond for all these things. Their remedy will be adequate and complete without any injunction or any receiver, and the receiver ought not to have been appointed, and the injunction ought not have been granted.

Judgment reversed.